## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CAROLYN MURDOCK, and<br>ROBIN MURDOCK, individually, and<br>ROBIN MURDOCK as the Administrator<br>of the Estate of MATTHEW MURDOCK,<br><br><br>                    Plaintiffs,<br><br>          vs.<br><br>COBB COUNTY, GEORGIA,<br>COBB COUNTY POLICE DEPARTMENT,<br>CHIEF JOHN R. HOUSER,<br>individually and in his official capacity<br>as Chief of Police for Cobb County, Georgia<br>COBB COUNTY SHERIFF'S OFFICE,<br>SHERIFF NEIL WARREN,<br>individually and in his official capacity<br>as Sheriff of Cobb County, Georgia,<br>OFFICER SEAN HENRY,<br>individually and in his official capacity<br>as an officer with the Cobb County<br>Police Department,<br>OFFICER KYLE SOLON,<br>individually and in his official capacity<br>as an officer with the Cobb County<br>Police Department, and<br>SERGEANT G.L. BEASLEY,<br>individually and in his official capacity<br>as a Sergeant with the Cobb County<br>Sheriff's Office,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION<br>)     FILE NO.:<br>)<br>)<br>)     JURY TRIAL<br>)     DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

`

## COMPLAINT

**COME NOW** CAROLYN MURDOCK and ROBIN MURDOCK, individually, and ROBIN MURDOCK as the Administrator of the Estate of MATTHEW MURDOCK (hereinafter referred to as the "Plaintiff Estate" or collectively with Carolyn Murdock and Robin Murdock as "Plaintiffs"), seeking damages for violations of Matthew Murdock's rights and protections afforded to him under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section I, Paragraphs I, XIII-XVII of the Georgia Constitution, and for false imprisonment, battery, intentional infliction of emotional distress and wrongful death arising out of the unlawful shooting death of Matthew Murdock (hereinafter referred to as "Matthew") on May 19, 2011.

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the Plaintiff Estate's claims under 42 U.S.C. §§ 1983 and 1988 the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202.

2.

This Court has jurisdiction over Plaintiffs' state tort claims and pursuant to its ancillary and pendent jurisdiction under 28 U.S.C. § 1367.

`

3.

Venue is proper in the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1391.

4.

Defendant Cobb County, Georgia is located within the Northern District of Georgia and is subject to the jurisdiction of this Court.

5.

Defendant Cobb County Sheriff's Department is located within the Northern District of Georgia and is subject to the jurisdiction of this Court.

6.

Defendant Cobb County Police Department is located within the Northern District of Georgia and is subject to the jurisdiction of this Court.

7.

Upon information and belief Defendant Officer Henry resides within the Northern District of Georgia and is subject to the jurisdiction of this Court.

8.

Upon information and belief Defendant Officer Solon resides within the Northern District of Georgia and is subject to the jurisdiction of this Court.

9.

Upon information and belief Defendant Officer Beasley resides within the Northern District of Georgia and is subject to the jurisdiction of this Court.

10.

Defendants' bad acts, to wit; the allegations of this Complaint, occurred entirely within the Northern District of Georgia in the State of Georgia, County of Cobb.

11.

Plaintiffs timely submitted the required ante-litem notices. A true and accurate copy of the ante-litem notices are attached hereto as composite Exhibit "A."

**PARTIES**

12.

Plaintiffs Carol Murdock and Robin Murdock are the surviving parents ofMatthew Murdock ("Matthew") who was unlawfully shot and killed by Officer Sean Henry of the Cobb County Police Department on May 19, 2011.

13.

Robin Murdock is the Administrator of Matthew's Estate.

`

14.

Matthew's parents, Carol and Robin Murdock, are his closest living family members and heirs.

15.

Matthew was never married and died without a wife.

16.

Matthew died without issue.

17.

Defendant Cobb County, Georgia is a body corporate and politic and a political subdivision of the State of Georgia, duly established under its laws and Constitution.

18.

Defendants Cobb County Police Department and Cobb County Sheriff's Office are the primary law enforcement agencies serving Cobb County, Georgia and are tasked with the enforcement of the laws of the State of Georgia in Cobb County.

19.

Defendants Chief John R. Houser and Sheriff Neil Warren are the final decision makers for law enforcement policies and procedures, as well as for hiring

and discipline matters, for the Cobb County Police Department and the Cobb County Sheriff's Office, respectively.

20.

Defendant Officer Kyle Solon is an officer with the Cobb County Police Department who, on May 19, 2011, illegally detained Matthew without justification.

21.

Defendant Officer Solon was an employee of the Defendant Cobb County Police Department who was at all times during the incident described herein acting within the scope and in furtherance of his employment.

22.

Defendant Sergeant G.L. Beasley is a deputy sergeant with the Cobb County Sherriff's Office who, on May 19, 2011, continued the illegal detention of Matthew without justification upon the departure of Officer Solon from the scene.

23.

Defendant Sergeant Beasley was an employee of the Defendant Cobb County Sheriff's Office who was at all times during the incident described herein acting within the scope and in furtherance of his employment.

24.

Defendant Officer Sean Henry is an officer with the Cobb County Police Department who, on May 19, 2011, unlawfully shot and killed Matthew.

25.

Defendant Officer Sean Henry was an employee of the Defendant Cobb County Police Department who was at all times during the incident described herein acting within the scope and in furtherance of his employment.

26.

At all times relevant, Defendant Officers Henry, Beasley, and Solon (hereinafter collectively referred to as the "Defendant-Actors") were present, involved, and were on duty and working for their respective law enforcement agency employers.

27.

Each officer involved was, at all times pertinent hereto, acting under color of state law. Further, each officer involved was confronted with a fellow officer's illegal acts, possessed the power to prevent them, and chose not to act.

`

28.

Defendant Cobb County Police Department is vicariously liable for the intentional, negligent, grossly negligent and reckless acts of its employees during the incident described herein.

29.

Defendant Cobb County Sheriff's Office is vicariously liable for the intentional, negligent, grossly negligent and reckless acts of its employees during the incident described herein.

30.

Defendant Cobb County is vicariously liable for the intentional, negligent, grossly negligent and reckless acts of Defendant Chief John R. Houser of the Cobb County Police Department.

**OPERATIVE FACTS**

31.

On May 19, 2011, at approximately 11:25 p.m., Matthew, a thirty-four year old Caucasian male, was driving home after working with a friend at an automotive repair shop.

32.

Without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever, Defendant Officer Solon executed an unlawful traffic stop of Matthew's vehicle and commenced the unlawful detention of Matthew.  Defendant Officer Solon requested via police radio for assistance in relation to the unlawful stop of Matthew's vehicle and the unlawful detention of Matthew.

33.

Defendant Officer Solon approached Matthew and requested Matthew's identification.   Matthew complied with Defendant Officer Solon's request and provided Defendant Officer Solon with his identification.  Matthew also informed Defendant Officer Solon that he was working with a friend in an automotive repair shop across the street.

34.

In response to a question from Defendant Officer Solon, Matthew stated that he did not have any weapons in his vehicle. As Defendant Officer Solon questioned Matthew, Defendant Sergeant G.L. Beasley, a Cobb County Sheriff's Deputy assigned to the Marietta, Cobb, Smyrna Narcotics Team, arrived on the scene to assist Defendant Officer Solon in the unlawful detention of Matthew.

35.

Defendant Officer Solon then asked Defendant Sergeant Beasley to detain Matthew while Defendant Officer Solon went to confer with Matthew's friend in the automotive repair shop.

36.

Matthew was in fact unlawfully detained by Defendant Sergeant Beasley, despite having committed no crime.

37.

Defendant Sergeant Beasley then approached Matthew's vehicle as Defendant Officer Solon departed the scene ostensibly to confer with Matthew's friend.

38.

Defendant Sergeant Beasley then asked Matthew whether he had any weapons on his person or in his vehicle and Matthew again responded that he did not have any weapons.

39.

Shortly thereafter, Defendant Officer Sean Henry with the Cobb County Police Department arrived on the scene in response to the previous radio request

made by Defendant Officer Solon for assistance.  Defendant Sergeant Beasley then asked Matthew to step out of his vehicle.

40.

Matthew complied with this directive.

41.

Upon information and belief one or more of the Defendant-Actors searched Matthew's vehicle.

42.

Upon information and belief, according to Defendant Sergeant Beasley and Defendant Officer Solon, an altercation between Matthew and Defendant Sergeant Beasley occurred.

43.

During this altercation, Defendant Officer Henry drew his service weapon and fired two bullets at Matthew with the express intention of striking Matthew and causing grievous bodily harm.

44.

Defendant Officer Henry willfully and without cause fired multiple bullets into Matthew's back and side.

`

45.

Both bullets struck Matthew, striking Matthew in the right back and right lower abdomen, seriously wounding Matthew and causing Matthew significant pain, suffering and mental anguish.

46.

Once struck by Officer Henry's bullets, Matthew yelled out in pain and asked Henry, "Why are you shooting me?"

47.

Matthew did not die instantly from his gunshot wounds, but instead suffered for a period of time before ultimately succumbing to the wounds caused by Officer Henry.

48.

Matthew died as a result of the gunshot wounds inflicted upon him by Defendants' unlawful shooting.

49.

Prior to, during and after this incident there were at least three of the Defendant-Actors in the immediate presence of Matthew.

50.

Matthew was outnumbered by the Defendant-Actors, each of which carried serious weapons some of which were lethal.

51.

Matthew was only five (5) feet and eight (8) inches tall and unarmed.

52.

Matthew weighed approximately only 170 pounds.

53.

At no time did Matthew threaten any of the Defendant-Actors.

54.

At no time did Matthew endanger any of the Defendant-Actors.

55.

At no time did Matthew give any of the Defendant-Actors cause to believe that Matthew was dangerous.

56.

At no time did Matthew provoke any of the Defendant-Actors.

57.

When Defendant Officer Henry shot Matthew, Matthew's back was turned to Defendant Officer Henry, as evidenced by the Autopsy report. (A true and accurate copy of the Autopsy Report is attached hereto as Exhibit "B")

58.

Defendant Cobb County Police Department Code of Conduct relating to the Use of Force (1.48) states that:  "Officers shall not use more force in any situation than is reasonable under the circumstances.  Force shall be used in accordance with the law and Departmental policy."

59.

Defendant Cobb County Police Department policy relating to the Use of Force (5.22) states in part:

> The Cobb County Police Department recognizes and respects the value and special integrity of each human life.  In vesting the members, of this agency with the lawful authority to use force to protect the public welfare, a careful balancing of all human interests is required.  Therefore, it is the policy of this Department that police officers use only that force that is reasonably necessary to effectively bring an incident under control, while protecting the lives of the officer and others.

60.

Defendant Officer Henry's decision in determining when he should use deadly force against another individual is governed by the standard of what "is

reasonably necessary to effectively bring an incident under control, while protecting the lives of the officers and others."

61.

Defendant Cobb County Police Department Officers are required to review and be familiar with Official Code of Georgia, Sections 16-3-20 through 16-3-24 and 17-4-20. The Cobb County Public Training Center is tasked with ensuring that all law enforcement officers receive training, among other things, on these statutes and the lawful use of deadly force.

62.

At no time during this incident or otherwise were any of the Defendant-Actors authorized to use excessive force.

63.

At no time during this incident were any of the Defendant-Actors authorized to use deadly force.

64.

Upon information and belief, at all times relevant the Defendant-Actors had access to non-deadly force options, including but not limited to their hands, batons, mace, and tasers.

65.

The Defendant-Actors did not follow the continuum of force protocol.

66.

The Defendant-Actors did not follow proper procedure.

67.

The Defendant-Actors did not follow the known best practices of the law enforcement industry.

68.

The Defendant-Actors did not follow their POST training.

69.

The Defendant-Actors failed to exercise sound judgment.

70.

The Defendant-Actors breached their duty to exhaust all non-deadly force options before resorting to the use of deadly force.

71.

The amount of force used in subduing Matthew was far in excess of that required given that Matthew had committed no criminal violations, did not possess a weapon, and was not threatening the life and safety of the Defendant-Actors, or anyone else.

72.

The Defendant-Actors breached their oath of office.

73.

The Defendant-Actors rushed to judgment.

74.

As of the date of this filing, no criminal charges have been brought against Defendant-Actors.

75.

Further, an internal affairs investigation conducted by the Defendant Cobb County Police Department concluded that Defendant Officer Henry did not violate any standards of police conduct or state or federal law.

76.

This finding by the Defendant Cobb County Police Department was approved by Defendant Chief Houser.

77.

In approving this finding, Defendant Chief Houser ratified the unconstitutional actions of Defendant Officer Henry.

78.

This shocking and egregious ratification of unconstitutional acts was done with negligent, reckless, and deliberate indifference to Plaintiffs' rights.

79.

Defendant Chief Houser and the Defendant Cobb County Police Department were or should have been aware that prior to this incident Defendant Officer Henry had been the subject of four prior internal affairs investigations as well as five prior citizen complaints.

80.

Defendant Chief Houser and the Defendant Cobb County Police Department also were or should have been aware that Defendant Officer Henry previously had been reprimanded for "Incompetence" while serving as an Officer with the Plain City Police Department in Plain City, Ohio in 2001.

81.

Adequate vetting and scrutiny of Defendant Officer Henry's background would lead a reasonable policy maker to conclude that the obvious consequence of the decision to hire and retain Defendant Officer Henry would be a deprivation of another's constitutional rights.

82.

The hiring and retention of Defendant Officer Henry was done with deliberate indifference to Plaintiffs' rights and particularly to Matthew's rights.

83.

Defendant Chief Houser and the Defendant Cobb County Police Department furnished the "incompetent" Defendant Officer Henry with the firearm that killed Matthew and then placed the "incompetent" Defendant Officer Henry into active police duty amongst the population and egregiously and shockingly failed to adequately and properly supervise and train Defendant Officer Henry, while and despite knowing of Defendant Officer Henry's record of "incompetence."

84.

The negligent supervision of training of Defendant Officer Henry was done with deliberate and wanton carelessness and with conscious disregard and indifference for Matthew's body, safety, life, and rights as well as for the safety and rights of the citizenry.

85.

The Defendant-Actors violated Matthew's due process rights under both the U.S. Constitution and the Constitution of the State of Georgia as well as Matthew's

Constitutional Rights as given under the Constitution of the State of Georgia and the Constitution of the United States (collectively "Constitutional Rights").

86.

The Defendant-Actors deprived Matthew of his substantive due process rights as given by Matthew's Constitutional Rights ("Substantive Due Process Rights").

87.

The Defendant-Actors deprived Matthew of his Substantive Due Process Rights.

88.

The Defendant-Actors' actions deprived Matthew of his Substantive Due Process Rights and Constitutional Rights in such an egregious fashion that it "shocks the conscience."

89.

The egregious and unlawful stop, detention, shooting, and killing of Matthew by the Defendant-Actors violated Matthew's Constitutional Rights against cruel and unusual punishment.

`

90.

The egregious and unlawful stop, detention, search, shooting, and killing of Matthew by the Defendant-Actors violated Matthew's Substantive Due Process rights against unconstitutional search and seizure as detailed in Matthew's Constitutional Rights.

91.

The egregious and unlawful stop, detention, search, shooting, and killing of Matthew by the Defendant-Actors violated Matthew's Substantive Due Process Rights and Constitutional Rights.

92.

In shooting and killing Matthew, Defendant Officer Henry acted intentionally, willfully, wantonly, deliberately, maliciously, recklessly, sadistically, with callous indifference to consequences and/or with gross negligence which conduct of Officer Henry was the proximate cause of Matthew's death.

93.

The Defendant Cobb County Police Department and the Defendant Cobb County Sheriff's Office failed to train police officers and Sheriff's deputies on the proper standards and procedures for the detention of citizens and the use of deadly

force.  This failure to train is in deliberate indifference to the rights of citizens, Matthew, and to Plaintiffs.

94.

The actions of Defendant Chief Houser, Defendant Sheriff Warren, and Defendant-Actors were in violation of clearly established statutory and/or Constitutional Rights which a reasonable officer should have known.

95.

Defendants' actions deviated from the standard of care and the duty that Defendants' owed to Matthew, Plaintiffs and the citizens.

96.

Defendant Cobb County Police Department, through Defendant Chief Houser, and the Defendant Cobb County Sheriff's Office, through Defendant Sheriff Warren, were the final decision makers for policies, practices, customs and procedures that were the foundation for the unlawful detention, shooting, and killing of Matthew.   Their policies, practices, customs, and procedures were developed with negligence, and gross and deliberate indifference to the rights of Mathew, Plaintiffs, and the citizens.

97.

The Defendant Cobb County Police Department, through Defendant Chief Houser, and the Defendant Cobb County Sheriff's Office, through Defendant Sheriff Warren, were negligently, recklessly, and deliberately indifferent in failing to instruct, supervise, discipline and/or control the individual Defendants (and Defendant-Actors)  with regard to the detention of individuals and the use of deadly force against others.

## CAUSES OF ACTION

### COUNT I: 42 U.S.C. § 1983: CIVIL ACTION FOR DEPRIVATION OF RIGHTS

98.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

99.

42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purpose of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

100.

The Fourteenth Amendment of the United States Constitution applies the protections of the Fifth Amendment of the United States Constitution to each of the States.

101.

Section 1 of the Fourteenth Amendment of the United States reads: "All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and the State wherein they reside.  No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law**; nor deny to any person within its jurisdiction the equal protection of the laws." (*Emphasis Added*)

102.

The Fourth Amendment of the United States Constitution states that Matthew and the American people have, "**The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated**, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (*Emphasis Added*)

103.

The Eighth Amendment of the United States Constitution states that the American people (including Matthew) have the right to be free from, "Excessive bail shall not be required, nor excessive fines, imposed, **nor cruel and unusual punishments inflicted.**" (*Emphasis Added*)

104.

The Defendant-Actors' egregious and shocking shooting and killing of Matthew constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

105.

The Defendant-Actors violated 42 U.S.C. § 1983 and deprived Matthew of his life, liberty, property, pursuit of happiness, and his due process rights. The

Defendant-Actors' violation of 42 U.S.C. § 1983 damaged the Plaintiff Estate in an amount to be proven at trial.

106.

The Defendant-Actors violated Matthew's Constitutional Rights as given under the Fourteenth Amendment of the United States Constitution by depriving Matthew of his life, liberty, property, pursuit of happiness, and of his due process rights. The Defendant-Actors' violation of the Fourteenth Amendment of the United States Constitution damaged the Plaintiff Estate in an amount to be proven at trial.

107.

The Defendant-Actors violated Matthew's Constitutional Rights as given under the Fifth Amendment of the United States Constitution by depriving Matthew of his life, liberty, property, pursuit of happiness, and of his due process rights. The Defendant-Actors' violation of the Fifth Amendment of the United States Constitution damaged the Plaintiff Estate in an amount to be proven at trial.

108.

The Defendant-Actors violated Matthew's Constitutional Rights as given under the Fourth Amendment of the United States Constitution by depriving Matthew of his life, liberty, property, papers, effects, pursuit of happiness, and of

his due process rights. The Defendant-Actors' violation of the Fourth Amendment of the United States Constitution damaged the Plaintiff Estate in an amount to be proven at trial.

109.

By illegally and egregiously stopping, detaining, shooting, and killing Matthew, the Defendant-Actors falsely imprisoned him in violation of O.C.G.A. §§ 16-5-41, 42 and violated Matthew's Substantive Due Process Rights and Constitutional Rights, including but not limited to his Fourth, Fifth, Eighth and Fourteenth Amendment rights under the U.S. Constitution.

110.

By egregiously and intentionally and with force touching, seizing, shooting, and killing Matthew, the Defendant-Actors committed battery against Matthew in violation of O.C.G.A. § 16-5-23.

111.

By egregiously and intentionally engaging in outrageous and unlawful conduct, which caused severe emotional distress to Matthew, the Defendant-Actors are liable for the intentional infliction of emotional distress to Matthew.

112.

The egregious, negligent, reckless, intentional, and criminal acts of the Defendant-Actors resulted in the wrongful death of Matthew for which the Plaintiff Estate is entitled to recover.

113.

The Defendant-Actors are liable to Plaintiffs for their egregious violations of 42 U.S.C. § 1983.

114.

Defendant Cobb County Police Department is vicariously liable for Defendant Officer Solon's and Defendant Officer Henry's violation of 42 U.S.C. § 1983 under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

115.

Defendant Cobb County Sheriff's Office is vicariously liable for Defendant Sergeant Beasley's violation of 42 U.S.C. § 1983 under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

116.

The Defendant-Actors' egregious actions towards Matthew were wanton, willful, and deliberate such that the individual Defendants are liable to the Plaintiff Estate for punitive damages.

`

117.

The Plaintiff Estate should be awarded punitive damages to be determined by the enlightened conscience of the jury, but in no event less than $10,000,000.00 dollars

118.

As a direct and proximate result of the Defendant-Actors' actions, Matthew lost his life and the Plaintiff Estate suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally and in concert, in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, punitive damages, and all costs of litigation.

## COUNT II: VIOLATION OF RIGHTS AFFORDED BY THE GEORGIA CONSTITUTION

119.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

120.

Article I of the Constitution of the State of Georgia contains the Bill of Rights for all Citizens of the State of Georgia.

`

121.

The Georgia Bill of Rights Article I, Section I, Paragraph I, states, "***Life,
liberty, and property.*** No person shall be deprived of life, liberty, or property
except by due process of law."

122.

The Georgia Bill of Rights Article I, Section I, Paragraph II, states,
"***Protection to person and property; equal protection.*** Protection to person and
property is the paramount duty of government and shall be impartial and complete.
No person shall be denied the equal protection of the laws."

123.

The Georgia Bill of Rights Article I, Section I, Paragraph VII, states,
"***Citizens, protection of.*** "All citizens of the United States, resident in this state, are
hereby declared citizens of this state; and it shall be the duty of the General
Assembly to enact such laws as will protect them in the full enjoyment of the
rights, privileges, and immunities due to such citizenship."

124.

The Georgia Bill of Rights Article I, Section I, Paragraph XIII, states,
"***Searches, seizures, and warrants.*** The right of the people to be secure in their
persons, houses, papers, and effects against unreasonable searches and seizures

shall not be violated; and no warrant shall issue except upon probable cause supported by oath or affirmation particularly describing the place or places to be searched and the persons or things to be seized."

125.

The Georgia Bill of Rights Article I, Section I, Paragraph XIV, states, **"Benefit of counsel; accusation; list of witnesses; compulsory process.** Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel; shall be furnished with a copy of the accusation or indictment, and on demand, with a list of the witnesses on whose testimony such charge is founded; shall have compulsory process to obtain the testimony of that person's own witnesses; and shall be confronted with the witnesses testifying against such person.

126.

The Georgia Bill of Rights Article I, Section I, Paragraph XVII, states, **"Bail; fines; punishment; arrest, abuse of prisoners.** Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; nor shall any person be abused in being arrested, while under arrest, or in prison."

127.

The Georgia Bill of Rights Article I, Section I, Paragraph XXIX, states, *"**Enumeration of rights not denial of others.** The enumeration of rights herein contained as a part of this Constitution shall not be construed to deny to the people any inherent rights which they may have hitherto enjoyed."*

128.

The Defendant-Actors' egregious and shocking shooting and killing of unarmed Matthew constitutes cruel and unusual punishment under the Georgia Constitution.

129.

The Defendant-Actors violated Matthew's Constitutional Rights as given under the Georgia Constitution by illegally searching and seizing Matthews property and possessions as well as by depriving Matthew of his life, liberty, property, pursuit of happiness, and depriving Matthew of his Substantive Due Process Rights. Defendants' actions were in violation of the Georgia Constitution as well as Matthew's Constitutional Rights.

130.

The Defendant-Actors deprived Matthew of the opportunity to a fair and impartial trial, to confront his accusers, to know of the accusations against him, to

the benefit of counsel, and to the equal protection of his life, liberty, and property as was his right as a citizen of Georgia.

131.

The Defendant-Actors' violation of Matthew's Constitutional Rights was egregious and shocks the conscience.

132.

The Defendant-Actors are liable to the Plaintiff Estate for their violations of the Georgia Constitution and have damaged the Plaintiff Estate in an amount to be proven at trial as determined by the enlightened conscience of the trier of fact.

133.

Defendant Cobb County Police Department is vicariously liable for Defendant Officer Solon's and Defendant Officer Henry's violation of the Georgia Constitution under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

134.

Defendant Cobb County Sheriff's Office is vicariously liable for Defendant Sergeant Beasley's violation of the Georgia Constitution under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

135.

The Defendant-Actors' egregious actions towards Matthew were wanton, willful, and deliberate such that the individual Defendants are liable to the Plaintiff Estate for punitive damages.

136.

The Plaintiff Estate should be awarded punitive damages to be determined by the enlightened conscience of the jury, but in no event less than $10,000,000.00 dollars

137.

As a direct and proximate result of the Defendant-Actors' actions, Matthew lost his life and the Plaintiff Estate suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally and in concert, in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

## COUNT III: ASSAULT

### 138.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

### 139.

The Defendant-Actors' unlawful stop, detention, shooting, and killing of Matthew were intentional, egregious and without consent or provocation.

### 140.

An ordinary person in Matthew's position that has been unlawfully, egregiously, and unconstitutionally stopped and detained by the Defendant-Actors and subsequently intimidated by being outnumbered, yelled at, and fired upon would reasonably fear that he or she would suffer a violent injury or a harmful or offensive touching by Defendant-Actors.

### 141.

Prior to being unlawfully shot and killed by the Defendant-Actors, having already been unlawfully, egregiously, and unconstitutionally stopped and detained, Matthew reasonably feared that he would suffer violent injury or a harmful or offensive touching by Defendant-Actors.

`

142.

Matthew's reasonable fear that Defendant-Actors would cause him violent injury constituted a reasonable apprehension of a violent injury and harmful or offensive touching that amounts to common law assault.

143.

The Defendant-Actors are liable to the Plaintiff Estate for the common law tort of assault, in an amount to be determined at trial by the enlightened conscience of the jury.

144.

O.C.G.A. § 51-2-2 provides that "[e]very person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily."

145.

Defendant Cobb County Police Department is vicariously liable for Defendant Officer Solon's and Defendant Officer Henry's  common law assault under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

`

146.

Defendant Cobb County Sheriff's Office is vicariously liable for Defendant Sergeant Beasley's common law assault under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

147.

The Defendant-Actors' egregious actions towards Matthew were wanton, willful, and deliberate such that the Plaintiff Estate should be awarded punitive damages to be determined by the enlightened conscience of the jury, but in no event less than $10,000,000.00 dollars.

148.

As a direct and proximate result of the Defendant Actors' actions, Matthew lost his life and Matthew and the Plaintiff Estate suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally and in concert, in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

## **COUNT IV: BATTERY**

### 149.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

### 150.

The Defendant-Actors unlawful stop, detention, shooting, and killing of Matthew were intentional, egregious and without consent or provocation.

### 151.

The Defendant-Actors' unlawful, egregious, and unconstitutional shooting and killing of Matthew constituted a violent injury and harmful or offensive touching that amounted to common law battery.

### 152.

The Defendant-Actors are liable to the Plaintiff Estate for the common law tort of battery, in an amount to be determined at trial by the enlightened conscience of the jury.

### 153.

Defendant Cobb County Police Department is therefore vicariously liable for Defendant Officer Solon's and Defendant Officer Henry's common law battery under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

`

154.

Defendant Cobb County Sheriff's Office is therefore vicariously liable for Defendant Sergeant Beasley's common law battery under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

155.

The Defendant-Actors' egregious actions towards Matthew were wanton, willful, and deliberate such that the Plaintiff Estate should be awarded punitive damages to be determined by the enlightened conscience of the jury, but in no event less than $10,000,000.00 dollars.

156.

As a direct and proximate result of the Defendant-Actors' actions, Matthew lost his life and the Plaintiff Estate suffered damages, which damages the Plaintiff Estate is entitled to recover under the doctrine of respondeat superior from the Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally and in concert, in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

## COUNT V: COMMISSION OF INTENTIONAL PHYSICAL INJURY
## O.C.G.A. § 51-1-13

### 157.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

### 158.

The Defendant-Actors' unlawful stop, detention, shooting, and killing of Matthew were intentional, egregious, without consent or provocation.

### 159.

The Defendants Actors' unlawful and egregious shooting and killing of Matthew constituted a "physical injury done to another" within the meaning of O.C.G.A. § 51-1-13.

### 160.

As the Defendant-Actors' stop, detention, shooting, and killing of Matthew were intentional, egregious and without consent or provocation, their actions were not justified under any rule of law.

### 161.

The Defendant-Actors have therefore violated O.C.G.A. § 51-1-13 and are liable to the Plaintiff Estate in an amount to be determined at trial by the enlightened conscience of the jury.

162.

The Defendant Cobb County Police Department is vicariously liable to Plaintiffs for Defendant Officer Solon's intentional physical injury to Matthew under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

163.

Defendant Cobb County Sheriff's Office is vicariously liable to Plaintiffs for Defendant Sergeant Beasley's intentional physical injury under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

164.

The Defendant-Actors' egregious actions towards Matthew were wanton, willful, and deliberate such that the Plaintiff Estate should be awarded punitive damages to be determined by the enlightened conscience of the jury, but in no event less than $10,000,000.00 dollars.

165.

As a direct and proximate result of the Defendant Actors' actions, Matthew lost his life and the Plaintiff Estate suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from the Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally and in concert, in an amount to be determined by the

trier of fact, together with interest as permitted by law, reasonable attorneys' fees, punitive damages, and all costs of litigation.

## COUNT VI: VIOLENT INJURY OR ATTEMPT TO COMMIT INJURY O.C.G.A. § 51-1-14

166.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

167.

The Defendant-Actors' unlawful stop, detention, shooting, and killing of Matthew were intentional, egregious and without consent or provocation.

168.

The Defendant-Actors' unlawful, egregious, and unconstitutional shooting and killing of Matthew constituted a "violent injury or illegal attempt to commit a physical injury upon a person" within the meaning of O.C.G.A. § 51-1-14.

169.

The Defendant-Actors have therefore violated O.C.G.A. § 51-1-14 and are liable to the Plaintiff Estate in an amount to be determined at trial by the enlightened conscience of the jury.

170.

The Defendant Cobb County Police Department is vicariously liable for Officer Solon's violent injury to Matthew under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

171.

Defendant Cobb County Sheriff's Office is vicariously liable for Defendant Sergeant Beasley's violent injury under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

172.

The Defendant-Actors' egregious actions towards Matthew were wanton, willful, and deliberate such that the Plaintiff Estate should be awarded punitive damages to be determined by the enlightened conscience of the jury, but in no event less than $10,000,000.00 dollars.

173.

As a direct and proximate result of the Defendant-Actors' actions, Matthew lost his life and the Plaintiff Estate suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from the Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally and in concert, in an amount to be determined by the

trier of fact, together with interest as permitted by law, reasonable attorneys' fees, punitive damages and all costs of litigation.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

174.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

175.

The Defendant-Actors' unlawful stop, detention, shooting, and killing of Matthew were intentional, egregious and without consent or provocation.

176.

The Defendant-Actors' unlawful stop, detention, shooting, and killing of Matthew were extreme and outrageous.

177.

As a direct result of the Defendant-Actors' unlawful and unconstitutional stop, detention, shooting of Matthew, Matthew suffered grievous and fatal bodily harm, leading to his death.

178.

The Defendant-Actors' unlawful and unconstitutional stop, detention, shooting, and killing of Matthew were the actual and proximate cause of Matthew's emotional distress.

179.

The emotional distress that Matthew suffered as a result of the Defendant-Actors' unlawful, egregious, and unconstitutional shooting of Matthew was unquestionably severe.

180.

To wit, following the Defendant-Actors' unlawful, egregious, and unconstitutional shooting of Matthew, Matthew was conscious and suffered greatly for a period of time before dying, even yelling: "Why are you shooting me?" after being shot.

181.

The Defendant-Actors are liable to the Plaintiff Estate for the tort of intentional infliction of emotional distress, in an amount to be determined at trial by the enlightened conscience of the jury.

182.

Defendant Cobb County Police Department is vicariously liable for Officer Solon's intentional infliction of emotional distress under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

183.

Defendant Cobb County Sheriff's Office is vicariously liable for Defendant Sergeant Beasley's intentional infliction of emotional distress under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

184.

The Defendant-Actors' egregious actions towards Matthew were wanton, willful, and deliberate such that the Plaintiff Estate should be awarded punitive damages to be determined by the enlightened conscience of the jury, but in no event less than $10,000,000.00 dollars.

185.

As a direct and proximate result of the Defendant-Actors' actions, Matthew lost his life and the Plaintiff Estate suffered damages, which damages the Plaintiff Estate is entitled to recover under the doctrine of respondeat superior from the Cobb County Police Department and Cobb County Sheriff's Office jointly and severally and in concert, in an amount to be determined by the trier of fact,

together with interest as permitted by law, reasonable attorneys' fees, punitive damages, and all costs of litigation.

## COUNT VIII: FALSE ARREST

186.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

187.

"An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." O.C.G.A. § 51-7-1.

188.

"An 'arrest' is the taking, seizing, or detaining of person of another, either by touching or putting hands on him, or by any act indicating an intention to take such person into custody, and which subjects such person to actual control and will of person making the arrest, and it is sufficient if arrested person understands that he is in power of one arresting and submits in consequence thereof. The taking of another into custody for the purpose of investigating an alleged crime constitutes an arrest." *Conoly v. Imperial Tobacco Co.*, 63 Ga. App. 880, 12 S.E.2d 398, 398 (1940).

189.

Further, "[a] total lack of probable cause is a circumstance from which malice may be inferred." O.C.G.A. § 51-7-44.

190.

Here, Matthew complied with Defendant Officer Solon's and Defendant Sergeant Beasley's instructions and was detained such that he was subject to the actual control and will of Defendant Officer Solon and Defendant Sergeant Beasley and Matthew understood that he was in the power of Defendant Officer Solon and Defendant Sergeant Beasley and submitted to their power

191.

Therefore, Defendant Officer Solon, Defendant Officer Henry and Defendant Sergeant Beasley arrested Matthew when, without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever, Defendant Officer Solon executed an unlawful traffic stop of Matthew's vehicle and commenced the unlawful detention of Matthew.

192.

Because Defendant Officer Solon, Defendant Officer Henry and Defendant Sergeant Beasley had no probable cause, malice is inferred pursuant to O.C.G.A. § 51-7-44 and therefore Defendant Officer Solon, Defendant Officer Henry and

Defendant Sergeant Beasley are liable to the Plaintiff Estate for Matthew's false arrest in violation of O.C.G.A. § 51-7-1.

193.

The Plaintiff Estate is entitled to recover from Defendant Officer Solon, Defendant Officer Henry and Defendant Sergeant Beasley jointly and severally damages for their false arrest of Matthew in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

194.

Defendant Officer Solon and Defendant Officer Henry were employees of Defendant Cobb County Police Department acting within the scope of their employment when they falsely arrested Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

195.

Defendant Cobb County Police Department is therefore vicariously liable for Defendant Officer Solon's and Defendant Officer Henry's false arrest of Matthew under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

196.

Defendant Sergeant Beasley was an employee of Defendant Cobb County Sheriff's Office acting within the scope of his employment when he falsely arrested Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

197.

Defendant Cobb County Sheriff's Office is therefore vicariously liable for Defendant Sergeant Beasley's false arrest of Matthew under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

198.

As a direct and proximate result of the Defendant-Actors' false arrest, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

199.

Defendant Cobb County, Georgia has direct oversight of Defendant Cobb County Police Department and its employees and therefore is vicariously liable under the theory of respondeat superior for Defendant Officer Solon's and Defendant Officer Henry's false arrest of Matthew.

200.

As a direct and proximate result of the Defendant-Actors' false arrest, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County, Georgia in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

## COUNT IX: FALSE IMPRISONMENT

201.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

202.

"False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." O.C.G.A. § 51-7-20.

203.

Here, Defendant Officer Solon, Defendant Officer Henry and Defendant Sergeant Beasley falsely imprisoned Matthew when, without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever, Defendant Officer Solon executed an unlawful traffic stop of Matthew's vehicle and commenced the unlawful detention of Matthew, and when Defendant Officer Henry and Defendant Sergeant Beasley continued the unlawful detention, which ultimately resulted in Matthew's death.

204.

O.C.G.A. § 51-7-22 provides that "[i]f false imprisonment is the act of several persons, they may be subject to an action jointly or separately. If jointly, all shall be responsible for the entire recovery."

205.

Therefore, Defendant Officer Solon, Defendant Officer Henry and Defendant Sergeant Beasley are jointly and severally liable to the Plaintiff Estate

for Matthew's false imprisonment in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

### 206.

Defendant Officer Solon and Defendant Officer Henry were employees of Defendant Cobb County Police Department acting within the scope of their employment when they falsely imprisoned Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

### 207.

Defendant Cobb County Police Department is therefore vicariously liable for Defendant Officer Solon's and Defendant Officer Henry's false imprisonment of Matthew under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

### 208.

Defendant Sergeant Beasley was an employee of Defendant Cobb County Sheriff's Office acting within the scope of his employment when he falsely imprisoned Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

209.

Defendant Cobb County Sheriff's Office is therefore vicariously liable for Defendant Sergeant Beasley's false imprisonment of Matthew under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

210.

As a direct and proximate result of the Defendant-Actors' false imprisonment, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

211.

Defendant Cobb County, Georgia has direct oversight of Defendant Cobb County Police Department and its employees and therefore is vicariously liable under the theory of respondeat superior for the acts of Defendant Officer Solon and Defendant Officer Henry when they falsely imprisoned Matthew.

212.

As a direct and proximate result of Defendant Officer Solon's and Defendant Officer Henry's false imprisonment Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County, Georgia in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

## COUNT X: NEGLIGENCE

213.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

214.

The elements of a negligence case are: "(1) a duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on his part to conform to the standard required; (3) a reasonable close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of the other." *Marquis Towers, Inc. v. Highland Group*, 265 Ga. App. 343, 345-6, 593 S.E.2d 903 (2004).

215.

Defendant Officer Solon and Defendant Sergeant Beasley were under a duty not to unlawfully detain Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

216.

Defendant Officer Solon and Defendant Sergeant Beasley failed to conform with the standard required of them to only detain suspects with probable cause or reasonable suspicion that the suspect has as engaged in criminal activity when they unlawfully detained Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

217.

As a direct and proximate result of the Defendant-Actors' unlawful detention, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover from Defendant Officer Solon and Defendant Sergeant Beasley jointly and severally in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

218.

O.C.G.A. § 51-2-2 provides that "[e]very person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily."

219.

Defendant Officer Solon was an employee of Defendant Cobb County Police Department acting within the scope of his employment when he negligently and unlawfully detained Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

220.

Defendant Cobb County Police Department is therefore vicariously liable for Defendant Officer Solon's and Defendant Officer Henry's  negligence under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

221.

Defendant Sergeant Beasley was an employee of Defendant Cobb County Sheriff's Office acting within the scope of his employment when he negligently and unlawfully detained Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

222.

Defendant Cobb County Sheriff's Office is therefore vicariously liable for Defendant Sergeant Beasley's negligence under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

223.

As a direct and proximate result of the Defendant-Actors' unlawful detention, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

224.

Defendant Officer Henry was under a duty to only use "that force that is reasonably necessary to effectively bring an incident under control, while protecting the lives of the officer and others" and not "use more force in any situation than is reasonable under the circumstances." Force shall be used in accordance with the law and Departmental policy." Defendant Cobb County Police Department policy relating to the Use of Force (5.22).

225.

Defendant Officer Henry failed to conform with the standard required of him when he used deadly force against Matthew who was unarmed and had not presented a threat or danger to Defendant Officer Henry or Defendant Sergeant Beasley or Defendant Officer Solon.

226.

As a direct and proximate result of Defendant Officer Henry's unlawful use of deadly force Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover from Defendant Officer Henry in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

227.

Defendant Officer Henry was an employee of Defendant Cobb County Police Department acting within the scope of his employment when he negligently used deadly force against Matthew who was unarmed and had not presented a threat or danger to Defendant Officer Henry or Defendant Sergeant Beasley or Defendant Officer Solon.

228.

Defendant Cobb County Police Department is therefore vicariously liable for Defendant Officer Henry's negligence under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

229.

As a direct and proximate result of Defendant Officer Henry's unlawful use of deadly force Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County Police Department in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

230.

Defendant Cobb County, Georgia has direct oversight of Defendant Cobb County Police Department and its employees and therefore is vicariously liable under the theory of respondeat superior for the negligent acts of Defendant Officer Solon and Defendant Officer Henry when they negligently detained and used deadly force against Matthew who was unarmed and had not presented a threat or danger to Defendant Officer Henry or Defendant Sergeant Beasley or Defendant Officer Solon.

231.

As a direct and proximate result of Defendant Officer Solon's unlawful detention and Defendant Officer Henry's unlawful use of deadly force Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County, Georgia in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

## COUNT XI: GROSS NEGLIGENCE

232.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

233.

O.C.G.A. § 51-1-4 defines gross negligence as the absence of even slight diligence on behalf of Defendant.

234.

"Slight diligence" is "that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances." O.C.G.A. § 51-1-4.

`

235.

Defendant Officer Solon and Defendant Sergeant Beasley were under a duty not to unlawfully detain Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

236.

Defendant Officer Solon and Defendant Sergeant Beasley did not exercise even "slight diligence" when they unlawfully detained Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever and were therefore grossly negligent as defined in O.C.G.A. § 51-1-4.

237.

As a direct and proximate result of Defendant Officer Solon's and Defendant Sergeant Beasley's gross negligence, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover from Defendant Officer Solon and Defendant Sergeant Beasley jointly and severally in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

238.

Defendant Officer Solon was an employee of Defendant Cobb County Police Department acting within the scope of his employment when he was grossly negligent in his unlawful detention of Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

239.

Defendant Cobb County Police Department is therefore vicariously liable for Defendant Officer Solon's and Defendant Officer Henry's  gross negligence under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

240.

Defendant Sergeant Beasley was an employee of Defendant Cobb County Sheriff's Office acting within the scope of his employment when he was grossly negligent in his unlawful detention of Matthew without probable cause or reasonable suspicion to believe that Matthew was engaged in any criminal activity whatsoever.

241.

Defendant Cobb County Sheriff's Office is therefore vicariously liable for Defendant Sergeant Beasley's negligence under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

242.

As a direct and proximate result of Defendant Officer Solon's and Defendant Sergeant Beasley's gross negligence in their unlawful detention of Matthew, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County Police Department and Defendant Cobb County Sheriff's Office jointly and severally in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

243.

Defendant Officer Henry who owed a duty to Matthew to only use "that force that is reasonably necessary to effectively bring an incident under control, while protecting the lives of the officer and others" did not exercise even "slight diligence" when he used deadly force against Matthew who was unarmed and had

not presented a threat or danger to Defendant Officer Henry or Defendant Sergeant Beasley or Defendant Officer Solon.

244.

Therefore, Defendant Officer Henry was grossly negligent as defined in O.C.G.A. § 51-1-4 and as a direct and proximate result of Defendant Officer Henry's gross negligence, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover from Defendant Officer Henry in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

245.

Defendant Officer Henry was an employee of Defendant Cobb County Police Department acting within the scope of his employment when he without even "slight diligence" used deadly force against Matthew who was unarmed and had not presented a threat or danger to Defendant Officer Henry or Defendant Sergeant Beasley or Defendant Officer Solon.

246.

Defendant Cobb County Police Department is therefore vicariously liable for Defendant Officer Henry's gross negligence under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

`

247.

Defendant Cobb County, Georgia has direct oversight of Defendant Cobb County Police Department and its employees and therefore is vicariously liable under the theory of respondeat superior for the grossly negligent acts of Defendant Officer Solon and Defendant Officer Henry when they without even "slight diligence" unlawfully and egregiously detained and used deadly force against Matthew who was unarmed and had not presented a threat or danger to Defendant Officer Henry or Defendant Sergeant Beasley or Defendant Officer Solon.

248.

As a direct and proximate result of Defendant Officer Solon's gross negligence in unlawfully detaining Matthew and Defendant Officer Henry's gross negligence in unlawfully and egregiously using deadly force, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover under the theory of respondeat superior from Defendant Cobb County, Georgia in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

`

## COUNT XII: NEGLIGENT HIRING AND RETENTION

249.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

250.

An "employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency." O.C.G.A. § 34-7-20.

251.

Defendant Chief Houser and Defendant Cobb County Police Department were or should have been aware that Defendant Officer Henry previously had been reprimanded for "Incompetence" while serving as a Defendant Officer with the Plain City Police Department in Plain City, Ohio in 2001.

252.

In addition, Defendant Chief Houser and Defendant Cobb County Police Department were or should have been aware that prior to this incident Defendant Officer Henry had been the subject of four prior internal affairs investigations as well as five prior citizen complaints.

253.

Adequate scrutiny of Defendant Officer Henry's background would lead a reasonable policy maker to conclude that given Defendant Officer Henry's propensities, Matthew's death due to the unnecessary and egregious use of deadly force should have been foreseen as the natural and probable consequence of hiring and retaining of Defendant Officer Henry.

254.

Defendant Chief Houser and Defendant Cobb County Police Department therefore failed to exercise ordinary care when they hired Defendant Officer Henry despite his reprimand for "Incompetence" while serving as an Defendant Officer with the Plain City Police Department in Plain City, Ohio in 2001 and are thus liable under O.C.G.A. § 34-7-20.

255.

Defendant Chief Houser and Defendant Cobb County Police Department also failed to exercise ordinary care when they retained Defendant Officer Henry despite his being the subject of four prior internal affairs investigations as well as five prior citizen complaints and are thus liable under O.C.G.A. § 34-7-20.

256.

Defendant Cobb County, Georgia has direct oversight of Defendant Cobb County Police Department and its employees and therefore is vicariously liable under the theory of respondeat superior for the negligent hiring and retention of Defendant Officer Henry by Defendant Chief Houser and Defendant Cobb County Police Department given that Defendant Officer Henry had been reprimanded for "Incompetence" while serving as an Defendant Officer with the Plain City Police Department in Plain City, Ohio in 2001 and that Defendant Chief Houser and Defendant Cobb County Police Department were or should have been aware that prior to this incident Defendant Officer Henry had been the subject of four prior internal affairs investigations as well as five prior citizen complaints.

257.

As a direct and proximate result of Defendant Chief Houser and Defendant Cobb County Police Department negligent hiring and retention of Defendant Officer Henry, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover from Defendant Chief Houser and Defendant Cobb County Police Department and from Defendant Cobb County, Georgia under the theory of respondeat superior, jointly and severally, in

an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

## COUNT XIII: NEGLIGENT SUPERVISION

258.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

259.

"[A]n employer may be held liable [for negligent supervision] only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Leo v. Waffle House, Inc.*, 298 Ga. App. 838, 841, 681 S.E.2d 258, 262, (2009).

260.

Here, Defendant Chief Houser and Defendant Cobb County Police Department were or should have been aware that Defendant Officer Henry had been reprimanded for "Incompetence" while serving as an Defendant Officer with the Plain City Police Department in Plain City, Ohio in 2001 and that prior to this incident Defendant Officer Henry had been the subject of four prior internal affairs investigations as well as five prior citizen complaints.

261.

The type of behavior engaged in by Defendant Officer Henry included but was not limited to the use of excessive force, exhibiting aggressiveness, engaging in maneuvers that endanger other officers and inability to relax in high stress incidents which prevent him from viewing the larger picture of what is occurring at the time.

262.

It was the unlawful and egregious use of deadly force against Matthew, which led to Matthew's death and the damages to the Plaintiff Estate.

263.

Defendant Chief Houser and Defendant Cobb County Police Department reasonably knew or should have known of Defendant Officer Henry's tendencies to use excessive force and his inability to relax in high stress incidents, which tendencies are the direct and proximate cause of the damages suffered by the Plaintiff Estate and therefore Defendant Chief Houser and Defendant Cobb County Police Department are liable for their negligent supervision of Defendant Officer Henry.

264.

Defendant Chief Houser and Defendant Cobb County Police Department are thus jointly and severally liable to the Plaintiff Estate for damages in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

265.

Defendant Cobb County, Georgia has direct oversight of Defendant Cobb County Police Department and its employees and therefore is vicariously liable under the theory of respondeat superior for the negligent supervision of Defendant Officer Henry by Defendant Chief Houser and Defendant Cobb County Police Department given that they reasonably knew or should have known of Defendant Officer Henry's tendencies to use excessive force and his inability to relax in high stress incidents, which tendencies are the direct and proximate cause of the damages suffered by the Plaintiff Estate.

266.

As a direct and proximate result of Defendant Chief Houser and Defendant Cobb County Police Department negligent supervision of Defendant Officer Henry, Matthew lost his life and the Plaintiff Estate has suffered damages, which damages the Plaintiff Estate is entitled to recover from Defendant Cobb County,

Georgia under the theory of respondeat superior in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, and all costs of litigation.

## COUNT XIV: WRONGFUL DEATH

267.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

268.

The Defendant-Actors' unlawful stop, detention, shooting, and killing of Matthew were intentional, egregious and without consent or provocation.

269.

As a direct and proximate result of the Defendant-Actors' unlawful stop, detention, shooting, and killing of Matthew as previously described herein, the Defendant-Actors are jointly and individually liable to Plaintiffs Robin and Carolyn Murdock.

270.

Pursuant to O.C.G.A. §§ 51-4-4 and 19-7-1(c)(1) Plaintiffs Robin and Carolyn Murdock are entitled to recover from the Defendant-Actors, jointly and individually, an amount to be determined by the enlightened conscience of the jury

as damages for the full value, including the economic value, of the life of Matthew, all to be proven at trial.

271.

Defendant Cobb County Police Department is vicariously liable for Matthew's wrongful death under the doctrine of respondeat superior as codified in O.C.G.A. § 51-2-2.

272.

Defendant Cobb County Sheriff's Office is vicariously liable for Matthew's wrongful death.

273.

As a direct and proximate result of Defendant Officer Solon's and Defendant Sergeant Beasley's actions, Matthew lost his life and the Plaintiffs Robin and Carolyn Murdock suffered damages, which damages the Plaintiffs Robin and Carolyn Murdock are entitled to recover under the doctrine of respondeat superior from the Cobb County Police Department and Cobb County Sheriff's Office jointly and severally in an amount to be determined by the trier of fact, together with interest as permitted by law, reasonable attorneys' fees, punitive damages, and all costs of litigation.

## COUNT XV: PAIN AND SUFFERING

### 274.

Plaintiffs re-assert and re-allege Paragraphs 1-97 as if fully set forth herein verbatim.

### 275.

Plaintiff Robin Murdock, as the representative of the Plaintiff Estate, also claims damages on behalf of Plaintiff Estate for the conscious pain and suffering undergone by Matthew as a result of the egregious intentional, negligent and grossly negligent acts of Defendants, made directly or indirectly, and each of them, for which they are liable.

### 276.

As a result of the injuries which Matthew received from the multiple gunshot wounds, he underwent excruciating physical and mental pain and suffering which persisted until his death.

### 277.

As a result of Matthew's death, the Plaintiff Estate has been damaged, which includes damages for pecuniary losses as well as for his extreme conscious pain and suffering, up to and including the time of his killing at the hands of the Defendant-Actors.

`

278.

Plaintiff Robin Murdock, on behalf of the Plaintiff Estate, is also entitled to recover any and all expenses resulting from the injuries and death of Matthew.

279.

The Defendant-Actors' egregious actions towards Matthew were wanton, willful, and deliberate such that the Plaintiff Estate should be awarded punitive damages to be determined by the enlightened conscience of the jury, but in no event less than $10,000,000.00 dollars.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, on the basis of the foregoing, Plaintiffs respectfully pray this Court grant the following relief:

(a) Award nominal and compensatory damages against each Defendant to Plaintiffs in an amount subject to proof;

(b) Award punitive damages against each individual Defendant according to federal and state law to be determined by the enlightened conscience of the jury, but in no amount less than $10,000,000.00.

(c) Award reasonable attorney fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable laws;

(d) Award such other and further relief as this Court deems just and proper.

A JURY TRIAL IS REQUESTED.

This the 18th day of May, 2012.

Respectfully submitted,

*s/ Robert J. Kaufman*
ROBERT J. KAUFMAN
Georgia Bar No. 409197
Attorney for Plaintiffs


*s/ Alex B. Kaufman*
ALEX B. KAUFMAN
Georgia Bar No. 136097
Attorney for Plaintiffs

*s/ Michael D. Stacy*
MICHAEL D. STACY
Georgia Bar No. 940322
Attorney for Plaintiffs

Kaufman, Miller & Forman, P.C.
8215 Roswell Road, Building 800
Atlanta, Georgia 30350-6445
Phone (770) 390-9200 ext. 40
Fax (770) 395-6720
rjk@kauflaw.net

*s/ Howard Jarrett Weintraub*
HOWARD JARRETT WEINTRAUB
Georgia Bar No. 746456
Attorney for Plaintiffs

*s/ Benjamin Black Alper*
BENJAMIN BLACK ALPER
Georgia Bar No. 940406

`

Attorney for Plaintiffs

LAW OFFICES OF HOWARD J. WEINTRAUB, P.C.
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
I:\WP\CW\8368-001\Draft Pleadings\Murdock - Complaint (Final).doc

`

## **CERTIFICATE OF COMPLIANCE**

This is to certify that to the best of my knowledge, the foregoing pleading has been prepared with one of the font and point selections approved by the court in LR 5.1B, pursuant to LR 7.   Specifically, the above-mentioned pleading has been prepared using Times New Roman font, 14 point.

This 18th day of May, 2012.

s/ Alex B. Kaufman
Alex B. Kaufman
Georgia Bar No.:  136097

Kaufman, Miller & Forman, P.C.
8215 Roswell Road, Building 800
Atlanta, Georgia 30350
Telephone    (770) 390-9200
Facsimile    (770) 395-6720
E-mail:        abk@kauflaw.net

`