IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLYN MURDOCK, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-01743-RWS |
| COBB COUNTY, GEORGIA, et : | |
| al., : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Plaintiffs' Motion for Reconsideration [25]. After reviewing the record, the Court enters the following Order.

**Background**

This case arises out of a traffic stop and subsequent shooting death of Matthew Murdock. Plaintiffs subsequently initiated this action, raising federal and state law claims against the following entity Defendants: (1) Cobb County, Georgia, (2) the Cobb County Police Department, and (3) the Cobb County Sheriff's Office; and the following individual Defendants: (1) Chief John R.

Houser ("Chief Houser"), individually and in his official capacity as Chief of Police for Cobb County, Georgia; (2) Sheriff Neil Warren ("Sheriff Warren"), individually and in his official capacity as Sheriff of Cobb County, Georgia; (3) Officer Henry, individually and in his official capacity as an officer with the Cobb County Police Department; (4) Officer Solon, individually and in his official capacity as an officer with the Cobb County Police Department; and (5) Sergeant Beasley, individually and in his official capacity as a Sergeant with the Cobb County Sheriff's Office. (Am. Compl., Dkt. [1].)

Plaintiffs asserted numerous constitutional and Georgia state-law claims for relief against Defendants, including claims for violation of due process under the Fourteenth Amendment and for unreasonable search and seizure under the Fourth Amendment pursuant to 42 U.S.C. § 1983. (Am. Compl., Dkt. [12] ¶¶ 106-23.)

On May 17, 2013, the Court issued an Order partially granting Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint [18]. The Court dismissed the claims against the Cobb County Police Department and Cobb County Sheriff's Department. (Dkt. [24]) The Court also dismissed the following: (1) Plaintiffs' section 1983 claims against Sheriff Warren and

2

Sergeant Beasley in their official capacities; (2) Plaintiffs' section 1983 claims against Sheriff Warren and Sergeant Beasley in their individual capacities; (3) Plaintiffs' section 1983 Fourteenth Amendment claim against Officer Solon in his individual capacity; (4) Plaintiffs' state law claims against Cobb County, Sheriff Warren, Chief Houser, Sergeant Beasley, and Officer Solon in their official capacities; and (5) Plaintiffs' state law claims against Sheriff Warren, Chief Houser, Sergeant Beasley, and Officer Solon in their individual capacities. (Id.)

In their Motion for Reconsideration, Plaintiffs ask the Court "to reconsider the dismissal of Plaintiffs' substantive due process claims against Officers Solon and Beasley." (Dkt. [25]) Plaintiffs argue that the Court based its judgment "on a narrow (rather than the requisite liberal) reading of the allegations of the Plaintiffs' complaint so as to exonerate these officers under the 'causal link' rule discussed in Williams v. Bennet, 689 F.2d 1370, 1384 (11th Cir. 1982)." (Id.)

## Discussion

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely

3

necessary." LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  However, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259.  Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Plaintiffs have not pointed to any newly discovered evidence, nor have they argued that there has been an intervening development or change in the controlling law.  Instead, Plaintiffs argue that the Court misapplied the causation standard.  According to Plaintiffs, the Williams Court requires an individualized approach "taking into account the duties, discretion and means of each defendant." (Dkt. [24].) Plaintiffs also cite Fundiller v. City of Cooper City, 777 F.2d 1436 (11th Cir. 1985), in arguing that the Court misapplied the

4

AO 72A
(Rev.8/82)

causation rule and should not have dismissed the claims "unless it appears beyond doubt that the [Plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief." (Dkt. [25]) (quoting Fundiller, 777 F.2d at 1439) (internal quotation marks omitted)).

Defendants argue that the causation analysis was sound because Plaintiffs failed to allege enough facts demonstrating that Officer Solon and Sergeant Beasley proximately caused Murdock's death. This Court agrees.

The "no set of facts" language comes from Conley v. Gibson, 355 U.S. 41 (1957), but the United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires factual allegations to "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the

5

claim]." Id. With this standard in mind, the Court concludes that the Plaintiffs have not sufficiently alleged that any officers other than Officer Henry proximately caused Murdock's death. As stated in the previous Order [24],

> Plaintiffs have failed to allege a sufficient causal connection between the acts of Officer Solon and Sergeant Beasley and the shooting death of Murdock. The fact that each of these Defendants was involved in the traffic stop preceding Murdock's shooting death (and Sergeant Beasley in an altercation with Murdock) is insufficient to establish liability on their parts for Murdock's death. Moreover, Plaintiffs allege in only vague and conclusory fashion that Officer Solon and Sergeant Beasley "possessed the power to prevent" their "fellow officer's illegal acts" but "chose not to act" (Am. Compl., Dkt. [12] ¶ 27); without any supporting factual detail, this allegation is insufficient to causally connect Officer Solon or Sergeant Beasley to Murdock's death.

Additionally, there are no allegations that "Solon and Beasley conspired with Henry in his use of force, had a reasonable opportunity to intervene to prevent the shooting and failed to intervene, or in some other way proximately caused Henry to shoot Murdock." (Defs.' Br. in Opp'n to Pls.' Mot. for Recons., Dkt. [27] at 3.) The Court thus finds no clear error of law meriting reconsideration.

6

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Reconsideration [25] is **DENIED**.

**SO ORDERED**, this   22nd   day of August, 2013.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)